## DIXON *v.* LUDINGTON.

TAXES—LANDLORD AND TENANT—FRAUDULENT HOMESTEAD CERTIFICATE.

A tenant who occupies under an agreement to pay all taxes, and who falsely and fraudulently procures to himself a homestead certificate under the tax homestead act, cannot, in defense to a bill of complaint by the landlord to have the homestead certificate canceled, maintain a demurrer on the ground that complainant has not formally complied with Act No. 107, Pub. Acts 1899, by commencing suit within six months after said act went into effect, and paying all taxes, interest, and legal charges due.

Appeal from Alcona; Connine, J.   Submitted December 13, 1901.   (Docket No. 206.)   Decided April 8, 1902.

Bill by William B. Dixon against Kirk Ludington, Grace Ludington, Roscoe D. Dix, auditor general, and

William A. French, commissioner of the State land office, to remove a cloud from title. From a decree dismissing the bill on demurrer, complainant appeals. Reversed.

It is alleged in the bill of complaint that about the year 1887 the complainant loaned some money to Kirk Ludington, who gave as security therefor a mortgage upon the land described in the bill, and executed by himself and Charles and defendant Grace, the wife of Kirk; that afterwards the defendants the Ludingtons, to avoid a foreclosure of the mortgage, and in payment of the debt secured thereby, deeded the land to the complainant; that afterwards the complainant leased the premises to Kirk Ludington; that the lease provided that Ludington should use the rent that he was to pay for the premises in payment of the taxes upon the land; that he failed so to pay the taxes; that they became delinquent for a number of years; that the defendants the Ludingtons have occupied the premises for the last 15 years; that the premises consist of a farm, with the usual clearings, fences, and buildings; that, while Ludington was in the occupancy of the premises, he fraudulently procured them to be examined, and returned certified as worthless and abandoned lands, within the meaning of the tax homestead act, for the purpose of defeating complainant's title; that, after being certified, the land was conveyed by deed under the statute by the auditor general to the commissioner of the land office; that defendant Kirk Ludington afterwards made entry of the land as a tax homestead, and procured the usual statutory homestead certificate; that Charles has now no interest in the land; and that said land was assessed to said Ludington. The prayer of the bill is that the deed of the auditor general to the State, and the homestead certificate, be declared null and void, as clouds upon complainant's title. There was also a prayer for general relief. The defendants appeared by the attorney general, and demurred to the bill for the following reasons: *First*, because the suit was not instituted within six months after the taking

effect of Act No. 107 of the Public Acts of 1899; *second,* that the bill does not allege that the complainant has paid to the auditor general all the delinquent taxes, interest, charges, etc., that appear on record against the land, and has not purchased and paid for all the State tax bids and titles held by the State against the land, prior to the commencement of the cause, as provided in said Act No. 107. The court below sustained the demurrer.

*R. J. Kelley* (*De Vere Hall,* of counsel), for complainant.

*Horace M. Oren,* Attorney General (*Charles W. Mc-Gill,* of counsel), for defendants.

GRANT, J. (*after stating the facts*). If the defendants the auditor general and the commissioner of the State land office had filed a demurrer to the bill because they were neither necessary nor proper parties, a different question would be presented from those now raised by the joint demurrer of all the defendants. No fraud is charged upon them. The charge in the bill is that the defendant Kirk Ludington falsely and fraudulently violated his contract with the complainant, neglected to pay the taxes, and falsely and fraudulently procured a homestead certificate. Upon the hearing the bill may be dismissed as to the auditor general and the commissioner of the State land office, and be sustained as to defendants Ludington. Kirk Ludington is not in position to take advantage of his own wrong, and set up the requirement of the statute to pay or tender the taxes, or that suit was not commenced within the time prescribed by law. Under the allegations of the bill, he obtained his title fraudulently, and holds it in trust for the complainant. It is no defense to this fraud that complainant has not formally complied with the statute. He has offered all that equity requires, viz., to reimburse the State for the taxes, and for the fraud committed upon the State by defendant Kirk Ludington. So long as complainant has seen fit to make these officers of

the State parties, and offers to reimburse the State, it is difficult to see why the State should object. It was Mr. Ludington's duty to pay the taxes. Mr. Dixon relied upon him to do so. The question of who shall compensate the State is not the real question here. The real question is, Did Kirk Ludington obtain this title by fraud as against the complainant? If so, the complainant is entitled to a decree against him.

Decree reversed, with costs, and case remanded for further proceedings.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.